JUSTICE HUNT
specially concurring.
I concur with the majority’s decision upholding the verdict of the jury relating to the issue of informed consent. While conscious of the province of the jury in determining the facts, I must comment upon what the jury found to be “informed consent.”
The discussion took place in a stressful atmosphere which would not enable someone to be in the best frame of mind to give informed consent. Dr. Horton visited Mrs. Young the night before the operation. He explained the risks of the surgery in a couple of sentences. He did not provide her with any further explanation of the risks of the surgery, nor did he inform her of any alternative treatments that were available. Mrs. Young testified that she was frightened the day before the operation. Mrs. Young’s surgery was merely an elective procedure. At the time of the conversation, the surgical team was placed together and bills for the surgery were already being generated.
Two doctors testified as expert witnesses for Dr. Horton stating that the explanation of the risks was adequate. Mrs. Young was unable to offer expert testimony to rebut those experts. Because she could not do so, the jury was left with no choice but to reach the verdict that it did. For this reason, I reluctantly concur with the decision of this Court.